BURGESS & BLACHER COMPANY *vs.* BEVERLY HOUSING
AUTHORITY & another.[1]

Suffolk.    May 3, 1966. — June 8, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Public Works.    Contract,* For public works, Bidding for contract.

Rejection by an awarding authority of a subbid for certain work sub-
mitted by the successful general bidder on a public construction project
was not required under G. L. c. 149, § 44H, as amended through
St. 1963, c. 445, § 2, by reason of such bidder's insertion, on the form
for subbids prescribed by § 44G, as amended through St. 1961, c. 604,
§ 6, after the word "except" in the statement "this sub-bid may be used
by any general bidder, except . . . ," the words "all general bidders
other than" itself.    [89]

Findings by the trial judge in a suit in equity by a subbidder who had
submitted a lower subbid for certain work on a public construction
project than a subbid for such work submitted by the successful general
bidder disclosed that there was no merit in a contention by the plaintiff
that the general bidder was not qualified under G. L. c. 149, § 44J, to
submit the subbid.    [89–90]

BILL IN EQUITY for declaratory relief, filed in the Superior
Court on August 25, 1965.

The plaintiff appealed from a final decree entered after
hearing by *Sgarzi,* J., declaring that a subbid submitted by
the defendant James J. Welch & Co., Inc. on a housing con-
struction project was valid.

*Warren G. Miller* for the plaintiff.

*Robert J. Sherer* for James J. Welch & Co., Inc.

WHITTEMORE, J.    James J. Welch & Co., Inc. (Welch)
was, in July, 1965, the successful general bidder for the con-
struction of a housing project for the elderly in Beverly.
Welch also submitted a subbid for the roofing, flashing and
sheet metal work.    The form for subbids prescribed by
G. L. c. 149, § 44G, as amended through St. 1961, c. 604, § 6,

---

[1] James J. Welch & Co., Inc.

included this statement: "To All General Bidders Except Those Hereinafter Expressly Excluded: . . . C. This sub-bid may be used by any general bidder, except . . . ." Welch in its subbid inserted after the word "except" the words "all general bidders other than James J. Welch & Co., Inc." The plaintiff had submitted a lower subbid and contends that, because of this insertion, Welch's subbid had to be rejected under G. L. c. 149, § 44H, as amended through St. 1963, c. 445, § 2. That section directs rejection of a subbid "on a form not completely filled in, or which is incomplete, conditional or obscure, or which contains any addition not called for." We disagree. Welch's meaning was plain. The subbid could be availed of in accordance with its terms. We are not concerned with whether under another provision of § 44H in its then form ("Every subbidder . . . shall be bound . . . to every general bidder not expressly excluded therein from the use thereof") Welch, in order to prevent the use of his subbid by any other general bidder, would have had to name that bidder specifically.[2] The plaintiff's reliance on *Wayland Sch. Bldg. Comm.* v. *Cardarelli Constr. Co. Inc.* 349 Mass. 766, is misplaced. That case holds that a general bid is not invalid because it makes use of a subbid containing a general exclusion similar to that used by Welch. The holding is based on the provision of § 44H that (in its then form) read: "If a general bidder not named in said list [of subbidders] as expressly precluded from doing so names as a sub-bidder . . . a person included . . . in said list . . . , neither the general bid . . . nor the general contract . . . shall be invalid or rejected because of the invalidity of such sub-bid."[3]

There is nothing in the contention that Welch was not qualified under § 44J to submit a subbid. The trial judge

---

[2] The issue cannot arise under §§ 44G and 44H, as amended by St. 1965, c. 836. Section 44G now expressly provides for the optional statement that the subbid "may only be used by the following general bidders."

[3] For permissive substitution of subbidders after first selection of the general bidder, see G. L. c. 149, § 44I (2).

found that "the awarding authority . . . conducted a reasonable inquiry . . . as to whether . . . Welch customarily performed the sub-trade and was qualified to do the work required, and concluded that it was satisfied." He also found "that . . . Welch customarily performs the sub-trade and is qualified to do the work . . .." The finding is plainly implicit in the foregoing that the full statutory requirement had been met, and that the performance of the subtrade was customarily by the general bidder's "own employees."

*Final decree affirmed.*